UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANNY JULIAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:14-CV-1766-CDP |
| STATE OF MISSOURI, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Danny Julian (registration no. 12526), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $13.33, and an average monthly balance of $2.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, a pretrial detainee, brings this action under 42 U.S.C. § 1983. Named as defendants are the State of Missouri and Mary Pat Benninger, an Assistant State Prosecuting Attorney. Plaintiff claims that the State of Missouri is prosecuting him in violation of his "statutory and constitutional rights" to a speedy trial. Plaintiff requests that the Court dismiss the criminal complaint against him.

## Discussion

"Before exercising its equitable power to enjoin [a] state [criminal] proceeding, the District Court must find the plaintiff threatened with great and immediate irreparable injury that cannot be

eliminated by his defense to the state proceeding." <u>Goodrich v. Supreme Court of State of S.D.</u>, 511 F.2d 316, 317 (8th Cir. 1975) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). Additionally, a district court may only enjoin state criminal proceedings in "exceptional cases." <u>Id.</u> Plaintiff has not alleged in the complaint the presence of extraordinary circumstances warranting federal intervention. As a result, to the extent that the complaint seeks an injunction barring the State of Missouri from proceeding against plaintiff in the criminal proceedings, the complaint is frivolous and shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of November, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE